IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN LEROY MORRIS, No. 18164-045, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-01367-MJR ) |
| MS HOUSTON, MR. BRADLY, WARDEN CROSS, MR. SMITH, MR. SCHMITT, MR. LAUGHLAN, MR. MACHINO, MR. WALKER, and UNKNOWN PARTIES, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Steven Leroy Morris is an inmate currently housed at the Greenville Federal Correctional Institution. Pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), Plaintiff brings this action for deprivations of his constitutional rights with respect to his delayed transfer from the Special Housing Unit ("SHU") at Greenville to another prison.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief

may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

As a preliminary matter, Plaintiff's recent motion to amend the complaint by interlineation (Doc. 7) must be denied. Plaintiff asks to add additional diary entries reflecting that he still has not been transferred, and that he is getting "the runaround" from prison officials. Local Rule 15.1 does not permit amendment by interlineation. Plaintiff must file an amended pleading containing all claims against all defendants that Plaintiff desires to pursue. Because the information Plaintiff wants to add to the complaint would not alter the claims asserted, the Court will proceed with the preliminary review of the original complaint.

Plaintiff takes issue with the delay of his transfer from Greenville and his long-term "isolation in the SHU" (Doc. 1, p. 5). According to the complaint and supporting documentation, Plaintiff was placed in the SHU on September 3, 2015, after being charged with assaulting another inmate. Following a hearing, he was convicted of the disciplinary charge. As punishment, Plaintiff was to spend 21 days in disciplinary segregation, lose 27 days of good-time credit, and the lose various other privileges (*see* Doc. 1-2, p. 7-8). Months after his initial placement in the SHU and the date of his disciplinary conviction, Plaintiff remains in the SHU. However, documentation indicates that as of October 16, 2015, Plaintiff was being held in the SHU pending transfer, and that he was not being returned to the general prison population because of his history of assaulting an inmate (*see* Doc. 1-2, p. 1).

Plaintiff applied for a transfer and has asked "every staff member" who has done a walk through since September 3 and nobody can tell him the status of his transfer request. Prison staff reply that they either do not know, or that the process has not been completed, or that he should just be patient. Guards laugh and joke, telling Plaintiff to be patient, noting that he is a "lifer." When Plaintiff wanted to file an administrative grievance about the delay he had difficulties getting the proper forms. From Plaintiff's perspective, it is cruel and unusual punishment when prison staff leave an inmate wondering about his status indefinitely and give an inmate the runaround.

With respect to the conditions of confinement in the SHU, Plaintiff complains that it is cruel and unusual punishment to keep him in "extended isolation," where his cellmate uses the toilet just feet away from Plaintiff.

Plaintiff seeks compensatory damages, a written apology, and injunctive relief in the form of improved procedures, including the provision of forms and copies of submitted documents.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.

> **Count 1: Defendants have denied Plaintiff procedural due process in violation of the Fifth Amendment relative to the delay and runaround in processing his transfer; and**
>
> **Count 2: Defendants subjected Plaintiff to cruel and unusual punishment by subjecting him to long-term isolation in the SHU.**

## Discussion

Counts 1 and 2 fail to state colorable constitutional claims and must be dismissed. Dismissal shall be without prejudice.

### Count 1

Count 1 alleges that Plaintiff has been denied procedural due process because his transfer has been delayed and he has been given the runaround.

"An essential component of a procedural due process claim is a protected property or liberty interest." *Domka v. Portage Cnty., Wis.*, 523 F.3d 776, 779 (7th Cir. 2008) (internal citations omitted). It is well-established that a transfer from one prison to another with more adverse conditions of confinement generally does not affect a protected liberty interest. *See, e.g., Meachum v. Fano,* 427 U.S. 215, 225 (1976). A protected liberty interest arises only if the transfer "imposes atypical and significant

hardships on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin,* 545 U.S. 209, 223 (2005) (*quoting Sandin v. Connor,* 515 U.S. 472, 484 (1995)).

Insofar as Plaintiff is challenging the lack of process he has received in the processing of his request for a transfer to a different prison, he is not entitled to relief because "a prisoner has no due process right to be housed in any particular facility." *Whitford v. Boglino,* 63 F.3d 527, 532 (7th Cir. 1995); *see also Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999). Furthermore, the complaint does not suggest that Plaintiff is being subjected to atypical or significant hardship.

Placement in segregated confinement for substantial periods under exceptionally harsh conditions *might* rise to the level of an "atypical and significant hardship" and thus implicate the Due Process Clause. *See Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697–98 (7th Cir. 2009). However, the complaint does not describe or remotely suggest that the conditions in the SHU are atypical. Plaintiff describes being isolated, and he objects to being confined in a cell where his cellmate uses the toilet just feet from him. Obviously, Plaintiff is not in *solitary* confinement, and prison cells, by their very nature, are not spacious. The complaint, as drafted, fails to meet the *Twombly* pleading standard.

No Fifth Amendment due process claim has been stated. Count 1 will be dismissed without prejudice.

### Count 2

Count 2 also fails under the *Twombly* pleading standard.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, the corrections officer must have acted with the equivalent of criminal recklessness. *Id*. at 836–37. Once prison officials know about a serious risk of harm, they have an obligation "to take reasonable measures to abate it," even if harm is not averted. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006); *see also Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

As noted relative to Count 1, Plaintiff only describes being "isolated," and he objects to being "confined in a cell where his cellmate uses the toilet just feet from him. Plaintiff is not in solitary confinement and he has not described conditions that suggest his health and safety are endangered. No Eighth Amendment claim has been sufficiently pleaded.

Count 2 will be dismissed without prejudice.

### Motion for Counsel

Plaintiff's allegations and his motion for recruitment of counsel (Doc. 3) beg the question, Can Plaintiff proceed *pro se*? *Childress v. Walker*,787 F.3d 433, 443 (7th Cir. 2015).

Plaintiff Morris explains that he wrote to an attorney in Minnesota, but that attorney indicated he charges $4,500 for any appeal, or Section 2255 or 2241 motion for relief from judgment. Because Plaintiff cannot afford to pay that attorney, and given that he has only a GED and no understanding of the law, he contends he needs counsel to proceed with this case. Plaintiff also states that he is not mentally, emotionally or physically able to prosecute this action, and that he is supposed to be on medication, but he offers no other details to support those assertions.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as

the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

It does not appear that Plaintiff has attempted to recruit counsel to represent him in this civil rights action; rather, he has only sought counsel in relation to his criminal conviction. For that reason alone, the motion fails. Furthermore, the complaint, although lacking the minimal factual underpinning to satisfy the *Twombly* pleading standard, is well written, suggesting that Plaintiff, without the assistance of counsel, is capable of drafting an amended complaint stating colorable claims. For these reasons, Plaintiff's motion for counsel will be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, Plaintiff's motion to amend the complaint by interlineation (Doc. 7) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNTS 1 and 2**, along with all **DEFENDANTS**, are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **February 8, 2016**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of the action with prejudice, and a "strike" will be assessed for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the

Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: **January 15, 2016**

                                            *s/ Michael J. Reagan*
                                            **MICHAEL J. REAGAN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**