IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN LEROY MORRIS,** ) | |
| No. 18164-045                ) | |
|                                        ) | |
|           **Plaintiff,**  ) | |
|                                        ) | |
| vs.                               ) | Case No. 15-cv-1367-MJR |
|                                        ) | |
| HOUSTON,                  ) | |
| BRADLY,                     ) | |
| CROSS,                       ) | |
| SMITH                         ) | |
| SCHMITT,                    ) | |
| LAUGHLAN,               ) | |
| MACHINO,                  ) | |
| WALKER, and            ) | |
| UNKNOWN PARTIES, ) | |
|                                        ) | |
|         **Defendant**  ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On December 15, 2015, Plaintiff filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.  In the complaint, Plaintiff sued Defendants because they allegedly delayed his transfer to another prison and subjected to him cruel and unusual punishment in the Secure Housing Unit (SHU).  (Doc. 1).  The complaint did not survive threshold review under 28 U.S.C. § 1915A because the Court found that Plaintiff had failed to state colorable constitutional claims.  (Doc. 11).  Accordingly, the Court dismissed the complaint on January 15, 2016. (Doc. 11).  The order specifically directed Plaintiff to file an amended complaint no later than February 8, 2016.  (Doc. 8).  The deadline has now

passed. Plaintiff has not filed an amended complaint. He has also failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

**IT IS SO ORDERED.**

**DATED: June 20, 2016**

                                                    s/ MICHAEL J. REAGAN
                                                   United States Chief District Judge